UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL KASPRZAK,

       Plaintiff,

                                    Case No. 12-cv-12140
                                    Honorable Gershwin A. Drain

v.


ALLSTATE INSURANCE
COMPANY

       Defendant.

_____/


## ORDER DENYING MICHIGAN BRAIN AND SPINE PHYSICIANS' MOTION TO INTERVENE [#20]


On March 21, 2013, Michigan Brain and Spine Physicians ("MBSP") filed a Motion to Intervene. On May 11, 2012, Plaintiff, Daniel Kasprzak, filed the instant action alleging that Defendant, Allstate Insurance Company ("Allstate"), has refused to make payments and to pay benefits under the terms of the parties' No-Fault insurance policy and pursuant to the Michigan No-Fault Statute, M.C.L. § 500.3142. Defendant Allstate does not object to MBSP's Motion to Intervene. However, Plaintiff has objected. The Court finds for the reasons below, MBSP's Motion to Intervene is DENIED.

Although MBSP's motion contains references to Michigan's procedural rules for a motion to intervene, because this Court sits in diversity, state law only controls the substantive issues in this case; procedurally, the Federal Rules of Civil Procedure will apply. The Supreme Court has held that federal courts sitting in diversity must adhere to

the Federal Rules of Civil Procedure when sitting in diversity actions. *See Hanna v. Plumer*, 380 U.S. 460,(1965); *see also Pac. Emplrs. Ins. Co. v. Sav-A-Lot*, 291 F.3d 392, 400 (6th Cir. 2002) ("[Federal Rules of Civil Procedure] apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.") . If an issue is covered by the Federal Rules of Civil Procedure, the federal rule must be applied by the federal court sitting in diversity regardless of contrary state law. *Id.* at 471.

Because M.C.R. 2.209 (A) and (B) are almost identical in substance and form to the Federal Rules of Civil Procedure, the Court will construe MBSP's Motion to Intervene under the Michigan statute as a Motion to Intervene pursuant to Federal Rules of Civil Procedure 24 (a) and (b).

Rule 24 of the Federal Rules of Civil Procedure governs both intervention as of right, FED. R. CIV. P. 24(a), and permissive intervention, FED. R. CIV. P. 24(b). Under Rule 24(a), the Court "must permit anyone to intervene who":

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a).

A putative intervenor must establish the following four factors in order to intervene as of  right:

> (1) the motion to intervene is timely;
> (2) the proposed intervenor has a substantial legal interest in the subject matter of the case;

> (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention;  and
>  (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)).

"Failure to meet [any] one of the [four] criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

In this case, to determine if a motion to intervene is timely, all relevant circumstances should be evaluated. *See Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). The Sixth Circuit Court of Appeals has provided five factors to determine timeliness:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have know of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000); *see also  Stotts v. Memphis Fire Dep't,* 679 F.2d 579, 582 (6th Cir. 1982).

Here, Plaintiff commenced this action on or about February 12, 2012, in Oakland County Circuit Court.  Defendant filed an answer after on May 11, 2012.  MBSP did not file its motion to intervene until March 21, 2013. Over one year has passed from the commencement of this action and the filing of the motion to intervene. " Litigation [that] has made extensive progress in the district court before the [intervenor] moved to intervene [,].

. . weighs strongly in favor of the [Plaintiff]." *Stupak-Thrall*, 226 F.3d at 475.

In addition, the case is well in its advanced stages: discovery ended on January 25, 2013, a settlement conference was set for April 10, 2013, and trial is scheduled to begin on May 22, 2013. Thus, considering the progression of the case, MSBP's motion is not timely.

Second, MBSP must show that it has a substantial interest in the case. MBSP alleges that Plaintiff owes it over $25,000.00 in medical expenses. Payment of these expenses is what Plaintiff is seeking in this action. Thus, MBSP's interest is derivative of Plaintiff's interest and both are substantial considering the amounts allegedly owed.

Third, the intervenor must show that the ability to protect its interest may be impaired without intervention. The Plaintiff has submitted claims to Defendant from MBSP stating the amounts owed. Plaintiff's claim against Defendant is an attempt to have his outstanding medical expenses – including those charged by MBSP – paid. Both MBSP and Plaintiff are in complete accord on this issue – they want Plaintiff's medical expenses paid. MBSP has not presented any facts that show its interests may be impaired without intervention.

Lastly, MBSP must show that the parties before the Court cannot adequately protect its interest. "[T]he applicant for intervention bears the burden of demonstrating inadequate representation". *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983). This requires "overcom[ing] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit . . . have the same ultimate objective." *Wade v. Goldschmidt*, 673 F.2d 182, 186 n.7 (7th Cir. 1982) (per curiam).

An applicant for intervention fails to meet his burden of demonstrating inadequate representation "when no collusion is shown between the representatives and an opposing

party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in its fulfillment of his duty." *Id.* A mere disagreement over litigation strategy . . . does not, in and of itself, establish inadequacy of representation. *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 987 (2d Cir. 1984).

Here, MBSP argues that its interest are not adequately represented because "there is no guarantee that its claims will not be lost or reduced among the myriad of Mr. Kasprzak['s] other claims, either by way of settlement or mutual acceptance of a case evaluation award." Plaintiff argues that MBSP and his other medical providers that have treated Plaintiff are protected by Plaintiff's claims. The Court agrees with Plaintiff.

MBSP presents no facts to suggest that Plaintiff's interest are in opposition of its interest. Plaintiff has expended his own resources and time in an attempt to get the outstanding medical expenses paid, and has not shown any "failure" in the fulfillment of that duty. *See Wade,* 673 F.2d at 186 n.7. Therefore, this factor also falls in favor of Plaintiff.

By application of the foregoing factors, the Court DENIES MBSP's motion to intervene as of right.

Alternatively, even if MBSP is not entitled to intervene as of right, the Court may exercise – at its discretion – permissive intervention pursuant to FED. R. OF CIV. P. 24(b):

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

FED. R. OF CIV. P. 24(b).

It has been well established that "in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* "A district court's discretion under rule 24(b) is broad." *High Plains Co-op. Ass'n v. Mel Jarvis Const. Co.*, 137 F.R.D. 285, 287 (D.Neb. 1991) (citing *SEC v. Everest Management Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972)).  However, "Rule 24 is to be construed liberally, and doubt resolved in favor of the proposed intervenor." *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999).

First, like a motion to intervene as of right, a motion for permissive intervention must also be timely. *Stotts*, 679 F.2d at 582. In *Stotts*, the Sixth Circuit used the same five factors to determine the timeliness of a permissive-intervention motion, as it did for an intervention-as-of-right motion. *Id.* Therefore, the above discussion of timeliness for the intervention-as-of-right motion satisfies the first requirement of permissive intervention, and weighs in favor of Plaintiff.

For the second requirement, the intervenor's claim or defense must share a common question of law or fact with the action. *Purnell v. City of Akron*, 925, F.2d 941, 950-51 (6th Cir. 1991).  Here, the Plaintiff and MBSP share a common claim. Both parties want to get paid for the medical expenses that are owed to Plaintiff by Defendant.

Lastly, for permissive intervention to be granted, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3). A court will likely deny a motion for permissive intervention

that would require discovery to be prolonged. *See United States v. Michigan*, 424, F.3d 438, 445 (6th Cir. 2005).  As stated earlier, several of the deadlines in the scheduling order, including the end of discovery, have passed.  In its response, Defendant Allstate has requested an extension of ninety days in the event MBSP's motion for intervention is granted. *See* Allstate Resp., Dkt. No. 23, pg. 6. Thus, MBSP's motion to intervene, if granted, would cause unduly delay and prejudice to the parties, especially considering that it waited over a year to attempt to intervene. The parties would suffer the costs of extending discovery along with other costs associated with prolonged litigation.  Therefore, MBSP's permissive motion to intervene is also DENIED.

Furthermore, MBSP's claim for intervention pursuant to M.C.L. § 500.3112, for the above mentioned reasons, also fails.

In sum, the Court finds that Michigan Brain and Spine Physicians has not satisfied the requirements for either intervention as of right, permissive intervention, or intervention pursuant to M.C.L. § 500.3112. Therefore, MBSP's Motion to Intervene is DENIED.

SO ORDERED.

Dated: April 16, 2013                                      /s/Gershwin A Drain
                                                           GERSHWIN A. DRAIN
                                                           United States District Judge