UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 11-cv-15432
        Honorable Gershwin A. Drain

ONE 2011 BMW 5 SERIES 535i VIN:
WBAFU7C55BC777710, *et al.*,

        Defendants *in Rem*.
_____/

## AMENDED ORDER DENYING DEFENDANT BABUBHAI PATEL'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) [#418]

The Court initially denied Defendant Babubhai Patel's Motion for Relief from Judgment Pursuant to Rule 60(B) on April 15, 2015. *See* Dkt. No. 422. In denying the Motion, the Court noted that Defendant Patel failed to file a Reply in accordance with the Court's Local Rules. *See id.* at 1-2 (citing E.D. Mich. L.R. 7.1(f)(2)). However, it has come to the Court's attention that Defendant Patel did file a timely Reply in accordance with the Court's Local Rules, even though it was not uploaded to the docket until April 16, 2015. *See* Dkt. No. 423.

The Court has reviewed Defendant Patel's Reply to the Government's Response. In his Reply, Patel argues (1) that he does, in fact, have standing to challenge the Judgment, *id.* at 1-3; (2) that the Plaintiff's action is barred by *res judicata*, *id.* at 3; (3) that Rule 60(b)(6) provides a basis for challenging the summary judgment in this case, *id.* at 4-5; and (4) that Plaintiff's civil forfeiture action is based on "evil motive and intent." *Id.* at 5-6. After reviewing these arguments, the Court will still **DENY** Defendant's Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [#418].

1. **Plaintiff still lacks standing to challenge the judgment.**

Plaintiff still does not demonstrate that he has standing to challenge the Default Judgment. In a conclusory fashion, Defendant Patel argues that "[t]he facts show that Babubhai Patel does have standing to challenge the default judgment order entered in this case[.]" Dkt. No. 423 at 3. However, for the reasons discussed in this Court's original Order denying Defendant Patel's Motion, Defendant Patel is without standing to challenge the government's Motion. *See* Dkt. No. 422 at 3 (noting Defendant Patel received proper notice and failed to comply with the requirements to assert an interest in the property in this case); *see also United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769 (E.D. Mich. 2004).

2. **Res Judicata is not applicable and the action is not based on "evil motive and intent."**

Defendant contends that Plaintiff's action is barred by *res judicata* because Plaintiff "'bumbled' the attempted criminal forfeiture proceedings in Patel's criminal case." Dkt. No. 423 at 2 (citing *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir. 2011). However, as this Court explained in its original Order denying Defendant Patel's Motion, "[i]t is well established that '[s]ince the earliest years of this Nation, Congress has authorized the Government to seek parallel *in rem* civil forfeiture actions and criminal prosecutions based upon the same underlying events." Dkt. No. 422 at 5 n.1 (citing Dkt. No. 421 at 5, which quotes *United States v. Ursery*, 518 U.S. 267, 274, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996)).

The case cited by Defendant Patel only stands for the proposition that "a final judgment against the government in a civil forfeiture proceeding acts as res judicata against a criminal forfeiture proceeding with respect to the same property when the claims in the latter proceeding arise from the same transactional nucleus of facts." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151-52.

Here, there was no acquittal in Defendant Patel's criminal case, and the government elected to proceed with a civil forfeiture case against Defendant Patel in this case. However, the Plaintiff did not, as Defendant Patel contends, wrongfully "attempt[] criminal forfeiture, administrative forfeiture, and finally civil forfeiture proceedings." Dkt. No. 423 at 2. As Plaintiff explained, "Patel was convicted by a jury in the criminal case, forfeiture was included in the Indictment, a civil case was also initiated, and the government elected to proceed with civil forfeiture as to Patel. The government is not foreclosed from the course it took in this case." Dkt. No. 421 at 6.

The Court finds Plaintiff did not "bumble" the forfeiture action, and *res judicata* is not applicable here. The authority cited by Defendant Patel only supports both of these conclusions. *See Liquidators of European Fed. Credit Bank*, 630 F.3d at 1152 ("[A] civil forfeiture action permits the government to seize the property in question while it pursues a criminal investigation and possible prosecution and, even if the criminal prosecution fails (or is not begun), the government still may pursue civil forfeiture (by asking the court to dissolve the stay in the civil action). This system also promotes the goals of res judicata: fairness, finality, and avoidance of duplicate judicial proceedings. Only when the government bumbles its forfeiture proceedings . . . will res judicata pose any sort of obstacle to obtaining a person's crime-connected property.").

### 3. Exceptional circumstances still do not exist.

As this Court assumed, Defendant Patel sought to argue that Rule 60(b)(6) provides relief from this Court's Judgment Order. Moreover, as this Court predicted, Defendant Patel contended that the criminal forfeiture proceedings and civil forfeiture proceedings in this case made this an "exceptional circumstance." However, as the Court explained, "principles of equity do not mandate relief," because "nothing unusual or extreme has occurred in this action so that principles of equity mandate relief." *See* Dkt. No. 422 at 5 citing Dkt. No 421 at 12.

Thus, the Court would still deny Defendants Rule 60(b)(6) Motion for the reasons previously discussed. *See* Dkt. No. 422 at 4 (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001), to note that this Court will only "apply Rule 60(b)(6) relief in 'unusual and extreme situations where principles of equity *mandate* relief.'"); *see also id.* at 5 (quoting *Blue Diamond Coal Co.*, 249 F.3d at 524, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'").

In sum, Defendant Patel provides no reason for this Court to reverse its previous finding Denying Defendant Patel's Motion. As such, with respect to this Court's April 15, 2015 Order Denying Defendant Babubhai Patel's Motion for Relief from Judgment Pursuant to Rule 60(b), the Court will only **VACATE** its finding that Defendant Patel filed his Reply Motion in an untimely manner.

Otherwise, the Court **HEREBY INCORPORATES** the rest of the findings from its April 15, 2015 Order Denying Defendant Babubhai Patel's Motion for Relief from Judgment Pursuant to Rule 60(b) into this Amended Order; and again **DISMISSES** Defendant Babubhai Patel's Motion for Relief from Judgment Pursuant to Rule 60(b)[#18] for the reasons discussed herein.

SO ORDERED.

Dated: April 17, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge