UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL KASPRZAK,

    Plaintiff,

vs.                              Case No. 12-12140
                                    Hon. Gershwin Drain/Mag. Randon

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

| | |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | DONALD C. BROWNELL (P48848) |
| AMY J. DEROUIN (P70514) | NICOLAS A. VESPRINI (P66061) |
| CHRISTOPHER TRAINOR & ASSOC | VANDEVEER GARZIA, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 9750 Highland Rd. | 840 W. Long Lake Road, Suite 600 |
| White Lake, MI  48386 | Troy, MI  48098-6340 |
| (248) 886-8650 | (248) 312-2800 |
| | dbrownell@vgpclaw.com |

_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the Defendant's Motion to Set Aside Dismissal, to Reopen the Case, and to Designate Payee and Approve Settlement will be brought on for hearing before the Honorable Gershwin Drain in their Courtroom on a date and time to be set by the Court.

                                      VANDEVEER GARZIA, P.C.

                                  By: /s/Donald C. Brownell
                                      DONALD C. BROWNELL (P48848)
                                      NICOLAS A. VESPRINI (P66061)
                                      CHELSEA E. PASQUALI (P77375)
                                      Attorneys for Defendant
                                      840 W. Long Lake Road, Suite 600
                                      Troy, MI 48098

Dated: March 2, 2016            (248) 312-2800

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL KASPRZAK,

    Plaintiff,

vs.                                    Case No.  12-12140
                                       Hon. Gershwin Drain/Mag. Randon

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

| | |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | DONALD C. BROWNELL (P48848) |
| AMY J. DEROUIN (P70514) | NICOLAS A. VESPRINI (P66061) |
| CHRISTOPHER TRAINOR & ASSOC | VANDEVEER GARZIA, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 9750 Highland Rd. | 840 W. Long Lake Road, Suite 600 |
| White Lake, MI  48386 | Troy, MI  48098-6340 |
| (248) 886-8650 | (248) 312-2800 |
| | dbrownell@vgpclaw.com |

_____/

**DEFENDANT'S MOTION TO SET ASIDE DISMISSAL, TO REOPEN THE CASE, AND TO DESIGNATE PAYEE AND APPORTION SETTLEMENT**

    NOW COMES, Defendant, ALLSTATE INSURANCE COMPANY, by and through its attorneys, VANDEVEER GARZIA, P.C., and for its Motion to Set Aside Dismissal, to Reopen the Case, and to Designate Payee and Approve Settlement, states as follows:

    1.    This matter arises out of an automobile accident that occurred on May 10, 2011. **(Exhibit A, Complaint)**.

    2.    Specifically, Plaintiff sought first party No Fault benefits allegedly incurred as a result of injury sustained in the automobile accident at issue.

2

3. Plaintiff and Defendant settled the matter on May 26, 2015, and the terms of the settlement included, but were not limited to, past and present medical expenses. **(Exhibit B, Settlement Agreement and Release).**

4. The *Covenant Medical Center v. State Farm Mutual Automobile Insurance Company* opinion was published on October 22, 2015, in which the Michigan Court of Appeals set forth the notice requirement fully outlined herein.

5. Because Defendant did not notify all facilities that submitted a claim pertaining to this matter of the settlement between Plaintiff and Defendant, Defendant now seeks an Order to Set Aside the Dismissal and Reopen the Case so it may satisfy the notice requirement set forth in *Covenant*.

6. Defendant is aware of the following medical providers who have submitted a claim:

    A to Z Transportation

    Apple Transportation

    Be Well of Birmingham/Silvio Cozzetto, D.C./Dr. Andrea Whedon

    Bloomfield Primary Care Associates

    Clear Imaging LLC

    Daring Drugs Oakland

    Doctors Hospital of Michigan

    Gold Star Transportation

    Dr. William Gonte

    Dr. Ronald Lederman

    Ronald S. Lederman, MD PLLC

        Dr. David Mendelson/Mendelson Kornblum Orthopedic

        Michigan Brain Spine Physicians Group

        Michigan Brain and Spine Institute

        Michigan Head & Spine Institute

        MW Pathology Consultants

        Reddi Ride Transportation Inc.

        Rehabilitation Med Group PC

        Silver Pine Imaging LLC

        Dr. Melissa Soulliere

        Summit Medical Group PLLC

        Universal Health Group Incorporated

7. MCL 500.3112 provides in pertinent part that "payments by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person. If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled thereto, the insurer, the claimant or any other interested person may apply to the circuit court for an appropriate order. The court may designate payees and make an equitable apportionment, taking into account the relationship of the payees to the injure person and other factors as the court considers appropriate."

8. In the published opinion of *Covenant Medical Center v State Farm Mutual Automobile Insurance Company*, attached hereto as **Exhibit C**, the Michigan Court of Appeals analyzed MCL 500.3112 and clarified:

> MCL 500.3112 provides that if the insurer does not have notice in writing of any other claims to payment for a particular covered service, then a good faith payment to its insured is a discharge of its liability for that service. However, the plain text of the statute provides that if the insurer has notice in writing of a third party's claim, then the insurer cannot discharge its liability to the third party simply by settling with its insured. Such a payment is not in good faith because the insurer is aware of a third party's right and seeks to extinguish it **without providing notice to the affected third party.**

(Emphasis added).

9. The Court of Appeals went on to hold that "[MCL 500.3112] requires that the insurer apply to the circuit court for an appropriate order directing how the no fault benefits should be allocated." **(Exhibit C)**.

10. Here, each of the above-listed facilities has been put on notice of the instant Motion outlining the settlement of this matter, thereby satisfying the notice requirement as outlined by the Michigan Court of Appeals in *Covenant*. **(Exhibit D, Correspondence to above-listed facilities)**.

11. As such, Defendant now asks this Honorable Court to enter an Order approving the settlement and directing how the no fault benefits should be allocated pursuant to *Covenant*.

WHEREFORE Defendant respectfully requests this Honorable Court grant Defendant's Motion to Set Aside Dismissal, to Reopen the Case, and Approve Settlement, and enter an Order approving the settlement, designating the payees, and

directing how the no fault benefits should be allocated.

          Respectfully submitted,

          VANDEVEER GARZIA, P.C.

By: /s/Donald C. Brownell
    DONALD C. BROWNELL (P48848)
    NICOLAS A. VESPRINI (P66061)
    CHELSEA E. PASQUALI (P77375)
    Attorneys for Defendant
    840 W. Long Lake Road, Suite 600
    Troy, MI 48098
    (248) 312-2800

Dated: March 2, 2016

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL KASPRZAK,

    Plaintiff,

vs.                        Case No. 12-12140
                            Hon. Gershwin Drain/Mag. Randon

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

| | |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | DONALD C. BROWNELL (P48848) |
| AMY J. DEROUIN (P70514) | NICOLAS A. VESPRINI (P66061) |
| CHRISTOPHER TRAINOR & ASSOC | CHELSEA E. PASQUALI (P77375) |
| Attorneys for Plaintiff | VANDEVEER GARZIA, P.C. |
| 9750 Highland Rd. | Attorneys for Defendant |
| White Lake, MI  48386 | 840 W. Long Lake Road, Suite 600 |
| (248) 886-8650 | Troy, MI  48098-6340 |
| | (248) 312-2800 |
| | dbrownell@vgpclaw.com |

_____/

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DESIGNATE PAYEE AND APPORTION SETTLEMENT**

## **STATEMENT REGARDING CONCURRENCE**

In accordance with E.D. Mich. Local Rule 7.1, Defendants hereby certify that Plaintiff's concurrence has been sought with the relief sought by the instant motion, by email exchange, and by way of service of the motion.

**QUESTIONS PRESENTED**

Should the Court Set Aside the Dismissal of this case and Reopen the case to allow Defendant Allstate to satisfy the notice requirement set forth in *Covenant*?

    Defendant Allstate states:    Yes

    Plaintiff states:    Presumably, yes

Should the Court apportion settlement and designate payees with regard to Plaintiff's settlement with Defendant Allstate, based upon the agreement of the parties, thereby closing the case?

    Defendant Allstate states:    Yes

    Plaintiff states:    Presumably, yes

## INDEX OF AUTHORITIES

**Court Rules**

MCL 500.3112

**Michigan Court of Appeals**

*Covenant Medical Center, Inc.* v. *State Farm Mut Auto Ins Co.*, 2014 Mich App. Lexis 2006 (Mich Ct App Oct 22, 2015)

## I. INTRODUCTION & STATEMENT OF FACTS

This matter arises out of an automobile accident that occurred on May 10, 2011. **(Exhibit A, Complaint)**. Specifically, Plaintiff sought first party No Fault benefits allegedly incurred as a result of injury sustained in the automobile accident at issue. The parties settled the matter on May 26, 2015. **(Exhibit B).** The Court of Appeals published the *Covenant* opinion a few months after the parties reached the settlement. Due to *Covenant* being published after the parties reached a settlement, Defendant did not notify all of the facilities that submitted a claim pertaining to this matter of the settlement reached by the parties. As such, Defendant now seeks an Order to Set Aside the Dismissal, and to Reopen the Case so that Defendant may comply with *Covenant.* Defendant also seeks an Order of the Court designating the payees and apportioning the settlement pursuant to MCL 500.3112.

## II. LAW AND ARGUMENT

The Michigan Court of Appeals recently issued its opinion in *Covenant Medical Center, Inc.* v. *State Farm Mut Auto Ins Co.*, 2014 Mich App. Lexis 2006 (Mich Ct App Oct 22, 2015). In *Covenant,* the plaintiff billed defendant for medical services incurred by defendant's insured as a result of a motor vehicle accident. The bills were received by defendant subsequent to the accident and defendant responded to the bills and acknowledgment. However, defendant compensated its insured in the amount of $59,000.00 in exchange for a written agreement releasing defendant from liability as it relates to all past and present claims for medical expenses incurred through the date of settlement in January 2013. Following the settlement, plaintiff subsequently brought suit and defendant moved for summary disposition based upon the prior settlement

stating that plaintiff's claim was barred by the prior settlement. The trial court granted defendant's motion for summary disposition.

However, on appeal, the Court of Appeals reversed the trial court's entry of summary disposition indicating that if an insurer has notice in writing of a third party's claims, then the insurer cannot discharge its liability to the third party simply by settling with its insured and further stated that "such a payment is not good faith because the insurer is aware of a third party's right and ceased to extinguish it without providing notice to the affected third party." In further analysis, the Court cited MCL 500.3112 in which it is stated:

> If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled thereto, the insurer, the claimant or any other interested person may apply to the circuit court for an appropriate order. The court may designate the payees and make an equitable apportionment, taking into account the relationship of the payees to the injured person and other factors as the court considers appropriate.

In the instant case, Defendant is aware of the following medical providers who have submitted a claim:

   A to Z Transportation

   Apple Transportation

   Be Well of Birmingham/Silvio Cozzetto, D.C./Dr. Andrea Whedon

   Bloomfield Primary Care Associates

   Clear Imaging LLC

   Daring Drugs Oakland

   Doctors Hospital of Michigan

12

      Gold Star Transportation

      Dr. William Gonte

      Dr. Ronald Lederman

      Ronald S. Lederman, MD PLLC

      Dr. David Mendelson/Mendelson Kornblum Orthopedic

      Michigan Brain Spine Physicians Group

      Michigan Brain and Spine Institute

      Michigan Head & Spine Institute

      MW Pathology Consultants

      Reddi Ride Transportation Inc.

      Rehabilitation Med Group PC

      Silver Pine Imaging LLC

      Dr. Melissa Soulliere

      Summit Medical Group PLLC

      Universal Health Group Incorporated

Defendant requests that, pursuant to MCL 500.3112, the Court enter an Order designating payees and making an equitable apportionment of the **$140,000.00** settlement. In doing so, the Court, at its own discretion, may take into account the relationship of the payees to Plaintiff and other factors as appropriate.

### III.    CONCLUSION

WHEREFORE Defendant respectfully requests this Honorable Court grant Defendant's Motion to Set Aside the Dismissal, to Reopen the Case and to Approve

Settlement, and enter an Order approving the settlement, designating the payees and directing how the no fault benefits should be allocated.

        Respectfully submitted,

        VANDEVEER GARZIA, P.C.

        By: /s/Donald C. Brownell
            DONALD C. BROWNELL (P48848)
            NICOLAS A. VESPRINI (P66061)
            CHELSEA E. PASQUALI (P77375)
            Attorneys for Defendant
            840 W. Long Lake Road, Suite 600
            Troy, MI 48098
            (248) 312-2800

Dated: March 2, 2016

## PROOF OF SERVICE

      The undersigned certifies that on March 2, 2016 a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by electronic filing with the Clerk of the Court using the ECF System which will send notification of such filing to the foregoing attorneys of record. I declare under the penalty of perjury that the statement above is true to the best of my information knowledge and belief.

        VANDEVEER GARZIA, P.C.

        By: /s/Donald C. Brownell
            DONALD C. BROWNELL (P48848)
            Attorneys for Defendant
            840 W. Long Lake Road, Suite 600
            Troy, MI 48098
            (248) 312-2800
            dbrownell@vgpclaw.com

V:\DCB\Kasprzak new\Pleadings\Motion to Set Aside Dismissal, Reopen Case, and Approve Settlement.docx