**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL KASPRZAK,

    Plaintiff,

vs.                            Case No.  12-12140
                                    Hon. Gershwin Drain/Mag. Randon

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

| CHRISTOPHER J. TRAINOR (P42449) | DONALD C. BROWNELL (P48848) |
|---|---|
| AMY J. DEROUIN (P70514) | NICOLAS A. VESPRINI (P66061) |
| CHRISTOPHER TRAINOR & ASSOC | CHELSEA E. PASQUALI (P77375) |
| Attorneys for Plaintiff | VANDEVEER GARZIA, P.C. |
| 9750 Highland Rd. | Attorneys for Defendant |
| White Lake, MI  48386 | 840 W. Long Lake Road, Suite 600 |
| (248) 886-8650 | Troy, MI  48098-6340 |
| | (248) 312-2800 |
| | dbrownell@vgpclaw.com |

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REINSTATE THE CASE FOR THE SOLE PURPOSE OF COMPELLING PAYMENT OF SETTLEMENT PROCEEDS AND SANCTIONS**

    NOW COMES the Defendant, ALLSTATE INSURANCE COMPANY, by and through its attorneys, VANDEVEER GARZIA, P.C. and in Response to Plaintiff's Motion to Reinstate the Case for the Sole Purpose of Compelling Payment of Settlement Proceeds and Sanctions, states as follows:

    1.    Admitted.

    2.    Admitted. However, stating further, due to an ongoing bankruptcy issue and negotiations with providers, pursuant to agreement of Counsel, Defense Counsel

was instructed to wait to forward the Settlement Draft until resolution of the underlying bankruptcy issue and conclusion of negotiations with Dr. Lederman. Plaintiff's Counsel was aware and in agreement with the delay in providing the settlement draft.

3.   Denied as untrue. Stating further, due to an ongoing bankruptcy issue, pursuant to agreement of Counsel, Defense Counsel was instructed to wait to forward the settlement draft until resolution of the underlying bankruptcy issue. Plaintiff's Counsel was aware and had no objection to Defense Counsel waiting to forward the settlement draft until resolution of the bankruptcy issue. In addition, as Defense Counsel has informed Plaintiff's Counsel, since the settlement of this matter, the Michigan Court of Appeals has issued the published opinion of *Covenant v State Farm*, attached hereto as **Exhibit A**, requiring notice to all medical providers and approval by the Court of the settlement in order for a final resolution of the claim to be reached and the settlement draft to be issued. Pursuant to *Erie Railroad v Tompkins*, 304 U.S. 64 (1938), because this matter is pending before this Court based upon diversity of the parties and amount in controversy, *Covenant v State Farm* is controlling law. As such, upon being informed by Plaintiff's Counsel that the underlying bankruptcy issue had been resolved and negotiation with Dr. Lederman completed, Defendant provided notice to all providers and filed Defendant's Motion to Set Aside Dismissal, to Reopen the Case, and to Designate Payee and Apportion Settlement. In the event that the settlement is approved by this Court, Defendant will forward the settlement draft. Plaintiff's Counsel is aware of the requirement to file the above-referenced Motion and has made no objection to the Motion.

4.   Defendant admits only that Plaintiff's Counsel recently contacted Defense

2

Counsel to inform Defense Counsel that the underlying issues had been resolved in the end of January. Defense Counsel responded to Plaintiff's Counsel and informed Plaintiff's Counsel that a Motion requesting that the Court approve the settlement based upon *Covenant v State Farm* would be required and that Defense Counsel was in process of filing the same. As previously stated, Defense Counsel has filed Defendant's Motion to Set Aside Dismissal, to Reopen the Case, to Designate Payee and Apportion Settlement, currently pending before this Court.

5. Denied as untrue. Pursuant to *Covenant v State Farm*, upon approval of the settlement by the Court, Defense Counsel can provide Plaintiff's Counsel with the Settlement Draft.

6. Denied as untrue. As Defense Counsel has informed Plaintiff's Counsel, Defendant is required to file a Motion requesting the Court to approve the settlement pursuant to *Covenant v State Farm*. Defendant has filed the Motion, which is currently pending. Plaintiff's Counsel is aware that the Motion must go forward in order for the Settlement Draft to be issued. Defense Counsel informed Plaintiff's Counsel that the Motion would be filed. As the Motion is presently pending before the Court, Plaintiff's instant Motion is moot.

7. Defendant admits that Plaintiff's Counsel informed Defendant that it would be filing the Motion.

8. Denied as untrue. Pursuant to *Covenant v State Farm*, Defendant is required to provide notice to all providers and to seek approval from the Court prior to resolving this matter. As such, Defendant has filed Defendant's Motion to Set Aside Dismissal, to Reopen the Case, to Designate Payee and Apportion Settlement, which

3

is presently pending.

9. Denied as untrue. Defendant's Motion to Set Aside Dismissal, to Reopen the Case, to Designate Payee and Apportion Settlement is currently pending before the Court.

WHEREFORE, Defendant respectfully requests this Court deny Plaintiff's Motion to Reinstate the Case for the Sole Purpose of Compelling Payment of Settlement Proceeds and Sanctions. Defendant further requests costs associated with having to respond to this Motion.

        Respectfully submitted,

        VANDEVEER GARZIA, P.C.

        By: /s/Donald C. Brownell
          DONALD C. BROWNELL (P48848)
          NICOLAS A. VESPRINI (P66061)
          CHELSEA E. PASQUALI (P77375)
          Attorneys for Defendant
          840 W. Long Lake Road, Suite 600
          Troy, MI 48098
          (248) 312-2800

Dated: March 2, 2016

VANDEVEER GARZIA P.C.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DANIEL KASPRZAK,

    Plaintiff,

vs.                                  Case No.  12-12140
                                    Hon. Gershwin Drain/Mag. Randon

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

| | |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | DONALD C. BROWNELL (P48848) |
| AMY J. DEROUIN (P70514) | NICOLAS A. VESPRINI (P66061) |
| CHRISTOPHER TRAINOR & ASSOC | CHELSEA E. PASQUALI (P77375) |
| Attorneys for Plaintiff | VANDEVEER GARZIA, P.C. |
| 9750 Highland Rd. | Attorneys for Defendant |
| White Lake, MI  48386 | 840 W. Long Lake Road, Suite 600 |
| (248) 886-8650 | Troy, MI  48098-6340 |
| | (248) 312-2800 |
| | dbrownell@vgpclaw.com |

_____/

**DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REINSTATE THE CASE FOR THE SOLE PURPOSE OF COMPELLING PAYMENT OF SETTLEMENT PROCEEDS AND SANCTIONS**

## QUESTIONS PRESENTED

Should Defendant be sanctioned for a delay in forwarding of the settlement draft where the delay was based upon agreement of Counsel and pending the required approval of the settlement by the Court?

        Plaintiff states:    Presumably, yes

        Defendant states:   No

Should the Court compel payment of the settlement proceeds prior to approval of the settlement pursuant and a designation of payees where approval of the settlement by the Court is required under Michigan law and the matter is pending in the District Court for the Eastern District of Michigan based upon diversity of the parties and the amount in controversy?

        Plaintiff states:    Presumably, yes

        Defendant states:   No

VANDEVEER GARZIA P.C.

# INDEX OF AUTHORITIES

**United States Supreme Court**

*Erie Railroad Co. v Tompkins,* 304 U.S. 64 (1938)

**Michigan Court of Appeals**

*Covenant Medical Center, Inc.* v. *State Farm Mut Auto Ins Co.*, 2014 Mich App. Lexis 2006 (Mich Ct App Oct 22, 2015)

VANDEVEER GARZIA P. C.

Defendant relies upon the facts and the laws as set forth in the attached Response. In addition, Defendant relies upon *Covenant v State Farm*, attached hereto as **Exhibit A,** as well as Defendant's Motion to Set Aside Dismissal, to Reopen the Case, to Designate Payee and Apportion Settlement, which is presently pending before the Court and attached hereto as **Exhibit B**.

Stating further, while Plaintiff has failed to provide any legal support for its request for attorneys fees and costs, Defendant contends that such sanctions are inappropriate. Specifically, Defense Counsel was instructed to wait to forward the settlement draft to Counsel for Plaintiff pursuant to an agreement of Counsel. Plaintiff's Counsel had no objection to the delay in forwarding the settlement draft due to the underlying bankruptcy issue and to allow Plaintiff adequate time to negotiate with providers. In addition, immediately upon receiving notification that the underlying bankruptcy issue has resolved, that Dr. Lederman negotiations had been completed and receiving confirmation from Counsel for Plaintiff and Counsel for Dr. Lederman that the settlement draft could be issued, Defense Counsel informed Plaintiff's Counsel that a Motion to Designate Payee and Apportion Settlement would need to be filed. Rather than allow time for Defendant to file its Motion to Set Aside Dismissal, to Reopen the Case, to Designate Payee and Apportion Settlement, Plaintiff's Counsel immediately filed its instant Motion, which was unnecessary. Plaintiff's instant Motion is moot. Upon approval of this Court of the settlement of this matter, Defense Counsel will forward the Settlement Draft to Counsel for Plaintiff.

WHEREFORE, Defendant respectfully requests this Court deny Plaintiff's Motion to Reinstate the Case for the Sole Purpose of Compelling Payment of

Settlement Proceeds and Sanctions. Defendant further requests costs associated with having to respond to this Motion.

          Respectfully submitted,

          VANDEVEER GARZIA, P.C.

          By: /s/Donald C. Brownell
               DONALD C. BROWNELL (P48848)
               NICOLAS A. VESPRINI (P66061)
               CHELSEA E. PASQUALI (P77375)
               Attorneys for Defendant
               840 W. Long Lake Road, Suite 600
               Troy, MI 48098
               (248) 312-2800

Dated: March 2, 2016

VANDEVEER GARZIA P.C.

### *PROOF OF SERVICE*

The undersigned certifies that on March 2, 2016 a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by electronic filing with the Clerk of the Court using the ECF System which will send notification of such filing to the foregoing attorneys of record.  I declare under the penalty of perjury that the statement above is true to the best of my information knowledge and belief.

VANDEVEER GARZIA, P.C.


By: /s/Donald C. Brownell
DONALD C. BROWNELL (P48848)
Attorneys for Defendant
840 W. Long Lake Road, Suite 600
Troy, MI 48098
(248) 312-2800
dbrownell@vgpclaw.com